It's called the next case. 11 10 34. Your honor, I'm Jason Bruce on behalf of the propellant. Ivy Jackson. Morning. Your honor's Justin Cooper on behalf of the city of Chicago. We're asking your honors to declare the city's impoundment ordinance unconstitutional. Let me ask you this. What type of challenge are you making here? I can't really figure it out. Is it a facial or it as in play? It's a We're asking your your honors to depart from the finding in Venice v. Michigan. The basis for that is that the Venice court's analysis of the costs of these stat ordinances was erroneous, did not consider the impact on the innocent owner. And it also did not consider the disaffection and the resulting societal cost that having an innocent owner who was subjected to this, what that would have on the cost of society. It's true that the that we follow a limited lockstep analysis. Was your was your client an innocent owner here? Yes, she was your honor. We've got two passengers. The car was parked was not on the street. Two individuals were taken out of the car, alleged to have had cannabis of a personal quantity. There's nothing to indicate any other sort of serious wrongdoing, no money, no scales, no hand to hand transactions or anything like that. Uh, Mike is out in front of my client's car. Uh, the individuals went to were charged criminally and prevailed at the preliminary hearing. Uh, my client came out and indicated that there was an allegation that there was a piece of sweet tart candy that the police officers thought may have been ecstasy that proved to be, uh, not supported by the evidence. And, uh, there's also an allegation that the cannabis did not appear until the preliminary hearing was not mentioned at the time of the arrest. And so that causes that raises a question and, in fact, supports my client's position that even the passengers were not guilty of a crime. So, yes, in this particular case, your honor, she is completely innocent. Um, this court is not required to follow the Venice decision because in the people be drawn on case, this court acknowledged that there is a constitutional argument that innocence, uh, brings forth. And so that is the basis upon which you depart from the limited lockstep analysis. Secondly, we're asking your honor's fairly statutory constitutional as a violation of the Fourth Amendment of the United States Constitution and the unreasonable seizures cause of the Illinois Constitution. This is, as far as I've been able to determine, never been raised in any other court. The closest is the Towers case mentioned in the city's response. The difference there is that in Towers, the argument was that the unreasonable seizure was unreasonable because there the statute was a violation of the Fifth Amendment. There's no allegation that the right to be free from an unreasonable seizure arises from the textual content of the Fourth Amendment itself. So, because that's what let me ask you this. What do you think should be built into the statute? They should have some kind of hearings to decide whether a lien holder should have the car or the owner should have the car. Is that what you think should be built in here? I think that the lien holder should have some requirement to intervene and make some indication that they are of record so that you've got somebody who's making that determination because what we have here is we've got the police making a judgment as to who is entitled to a possessory interest prior to the final resolution of the case. And that is a fundamental legal determination. Well, people repossess cars every day for various reasons. One of them is nonpayment. Another reason would be that the car was taken, as this car, by the city, you know, for drugs. And, you know, and that's a contract that your client has with whoever they finance their car with. So, I mean, how should the city get involved in that process? I think the city should not be involved in that process. That's precisely my point. The decision, there is a contract, the ability to make a legal analysis of whose, of the party's rights to that contract. Well, wait a minute. You have a court action for that. If somebody repossesses your car improperly, you could sue them in court. So here, if the lien holder says that they're entitled to the car, why should the city not give it to them? Because the lien holder is not the owner. The ordinance empowers the lien holder to come forward, and by virtue of assuming that giving the lien holder that right, there should be also a corresponding right of the judiciary to review that particular action. There is no such judicial review. They can stay out of it, or if they're going to get into it, they've got to allow judicial review. But they just can't give it to the lien holder because that is infringing on the judicial function. And for that reason, it's a violation of the Separation of the Constitution. It's also a violation of the Due Process Clause because there's no notice and an opportunity to be heard as to the propriety of that. What your honors, under that analysis, would be asking my client to do would be to hire an attorney and file a replevant action, and the Circuit Court of Cook County might take years to resolve. So that's not an acceptable resolution. All right. So you think the city should hold these cars until there's some resolution in the court system? Is that what you think? No, no. I think that the lien holder should be required to file something in the administrative hearing so that that can be reviewed. Reviewed by who? An administrative law judge? Yes. And if not, then a circuit court judge who hears the review of the empowerment ordinance. Well, let's assume for the sake of argument that that was allowed. Wouldn't that be taking away somebody's right for a jury trial? Well, no. The issue is maybe so. I haven't thought about that. I know. I know you haven't thought about it, but you ought to think about it. Okay. Well, I do. I think that's a very good point. Okay. We also think that it's taking for private use. Clearly, the government, no government can take property from one party and give it to someone else. They can take it and give it to a developer to redevelop it, and that redevelopment is a public use, but you can't, and there's no question about that, you can't take property from John and give it to Sue. It's unconstitutional. We cited the Missouri v. Nebraska case to establish that that is based upon the due process clause of the Fifth Amendment. It's also by virtue of the limited lockstep provision of the Fifth Amendment. The city makes a number of waiver arguments. One of the cases which the city cites actually supports our position that a pro se litigant should be entitled to deference in the administrative agency. That's the Dombroski v. City of Chicago case. The rule as to whether there's a requirement to raise a constitutional argument in an administrative agency in order for that not to be waived, that's not a jurisdictional requirement. That's just an admonishment. There's no bright line rule. Your honors can consider the constitutionality of the ordinance, whether that has been raised or not. Um, with respect to the, uh, right to the right ability of the city to proceed by sworn report only. Um, we believe that there should be a firm and nondiscretionary right for the litigant to subpoena witnesses, not a discretionary right. As it stands now, the, uh, there could be a relevance, there could be some relevant evidence, and the administrative law judge could elect not to issue a subpoena. Um, in the Van Harken case, it's true that the Seventh Circuit, and then also this court, said that in traffic tickets, there's, uh, no right to, uh, subpoena or force the police officer to appear. And that was based upon the Matthews v. Eldridge analysis of the relative costs and harm of not forcing police officers to appear. This is much different from the Van Harken case because the only harm that could result in the Van Harken case was that the litigant would be subjected to a traffic ticket, maybe $25, and plus the millions of traffic tickets. So the cost of making a police officer show up, police officer show up for all those, uh, challenges would overwhelm the system. In this particular case, the cost of, uh, not forcing a police officer to show up or another litig, uh, witness is that someone's car can be repossessed, and they could be subject to a $2,000 fine is what happened in this particular case. And that is a significant, significantly more costly to the litigant than the traffic ticket in the Van Harken case. And on the other side of the equation, the cost of having police officers show up in impoundment cases is much less, even than in moving violations, because I think people's cars don't get impounded nearly as much as a traffic ticket, let alone a moving violation, let alone a traffic ticket. Yeah, but we're not talking about police officers here. We're talking about the rights of a lien holder, uh, against the debtor. Okay? So we're not talking about any of those things. I mean, let's talk about what, what you have here. See, you want to expand, uh, what the city's, uh, very limited jurisdiction is here, and, uh, give them jurisdiction to hear all kinds of cases and take away people's rights to a jury by claiming this is unconstitutional. Well, I do not want... That has not been addressed in your brief. See, those kind of things have not been addressed. But, uh, you have a few minutes to save some time for rebuttal. Okay. Good morning, Your Honors. All of Jackson's constitutional challenges to the city's impoundment ordinance fail under well-established law. At the outset, it should be noted that Jackson indeed waived all of her constitutional challenges by failing to raise them properly below. She failed to raise any constitutional challenges during administrative hearing proceedings, and then she failed to raise all but her due process challenges properly in the circuit court on administrative review either. I mean, do you really waive constitutional challenges? I mean, is there really law that says that? Texas Coast Cities, Your Honors, an Illinois Supreme Court case cited in our brief that actually held that the appellant in that case had waived a due process, and I believe also an equal protection challenge, to the law at issue in that case by failing to raise it in the administrative proceeding. And the Illinois Supreme Court cautioned litigants in administrative proceedings that they need to raise those issues at that time in order to develop them, because it's the only opportunity for a record to be developed for further appeal. But even putting waiver aside, Jackson's arguments all fail on their substantive merit as well. Jackson's first challenge to the ordinance regarding the lack of an innocent owner defense has been foreclosed by case law. She raises a substantive due process challenge, but the United States Supreme Court, the Illinois Supreme Court, and this Court have all held that due process does not require an innocent owner exception to a vehicle seizure. The US Supreme Court made this clear in Bennis v. Michigan, and the Illinois Supreme Court in December of last year held that the Illinois due process clause is in lockstep with the federal due process clause on this issue. As for Article I, Section 6 of the Illinois Constitution, it is in lockstep with the Fourth Amendment, and under relevant Fourth Amendment precedent, seizures made pursuant to a constitutional law are reasonable for Fourth Amendment purposes. Jackson also has raised this issue with sworn testimony. I would like to address that quickly. Jackson claims that she has a right to confront witnesses in these types of hearings and that the use of sworn testimony violates that right. There is one thing that I'd like to clarify that we didn't mention in our brief, but I think requires some clarification, and that is that in Jackson's brief at page 16, she actually challenged the use of sworn testimony pursuant to Section 2-14-132 subsection 7 of the municipal code, but that's not actually an applicable provision in this case. She was actually in the administrative proceeding under a different subsection, or under a subsection of the code that does not involve that subsection, and the affidavit that was used at her hearing actually came in under 2-14-076G, which allows for the use of affidavits, and also for rules that the Department of Administrative Hearings Rule 9.2. But turn to the merits of that issue. There is no absolute right to confront witnesses in a civil case. The Sixth Amendment rights to confront witnesses is limited to the criminal context. This Court in the Seventh Circuit in Van Harken made clear that in the city's administrative proceedings that there's no absolute right to confront witnesses, and the availability of discretionary subpoenas suffices to cover any due process right that might exist. In any event, as a factual matter, Jackson here didn't even request a subpoena at her hearing, and the officer who ordered the impoundment of her vehicle actually appeared live at the hearing and testified regarding the impoundment. The only affidavit that came in at her hearing was an Illinois State Police Laboratory affidavit that confirmed that the material that was recovered from her car was, in fact, marijuana. She did not object to the admission of that evidence at her hearing, and she's never challenged the conclusion of the laboratory that the substance was, in fact, marijuana. Turning to her final challenge to the ordinance, which is the challenge to the provision which allows release to lien holders, Jackson, as we've discussed today, raised procedural due process, takings clause challenges, and separation of powers challenges to that provision, all of which fail. As to procedural due process, the release to a foreclosing lien holder without a hearing does not violate Jackson's right to due process, because under the UCC, a lien holder has the right to actually take possession of the vehicle without any judicial process by the terms of the statute, so Jackson is owed no process. Jackson has not even challenged the lien holder's right to take possession of her vehicle under the UCC in this case, and she has not challenged the fact of her default in this case, either that triggered the exercise of that right. Now, as the United States Supreme Court recognized in Todd, where the facts are undisputed between the parties, there's simply no due process right to have a hearing on And in any event, Jackson likes standing to raise hypothetical issues on behalf of litigants that aren't before this court. As her takings clause challenge, the United States Supreme Court in Venice specifically rejected a takings clause challenge there to the seizure and forfeiture of the car in that case, pointing that the takings clause does not apply where a government entity comes into possession of a vehicle through exercise of power other than eminent domain. And the court held that because the vehicle in that case had come into possession of the government through the exercise of police powers, pursuant to likewise, here, the city acquired possession cases that you're talking about have anything to do with what what they're saying. What they're saying is that the rights of the lien holder should be adjudicated in these proceedings. See, that's what it's all about. That's correct. And not all these other things that have nothing to do with anything. So what do you have to say about that? Well, that's the issue of the case. Well, that is one of the issues that they've raised, Your Honor. That's the issue that I see. Okay. And Your Honor, and that's where the UCC comes in. As you asked my opposing counsel about, repossessions occur virtually every day, all the time. And it is the UCC adopted by the Illinois legislation, which actually gives the rights of the lien holder, once there's a default on the contract, to take possession of the vehicle at any time, any place without any judicial process. And that's actually in the statute. So that right exists without any judicial process at all. And that's why when the lien holder comes in and says, I foreclosed on this vehicle, I have a statutory right to take possession of it and demonstrates that to the city, the city is only concerned with releasing the property to the lien holder pursuant to that pre-existing possessory right, because the lien holder is coming and paid the towing and storage fees, which are necessary to obtain release of the car, whereas the vehicle owner had not done so. And for that reason, there's also no separation of powers problem, because the city doesn't actually adjudicate any rights between the parties. There's no exercise of judicial power here by the city, unlike in the cases involving administrative agencies cited by Jackson in her brief. And for that reason, there simply is no problem with the separation of powers principle. And for all these reasons, Your Honors, unless you have additional questions, the city would ask that you affirm the judgment below. Thank you. And give us a brief rebuttal. Okay, I'm not asking that the city's rights be expanded. I'm saying that either cut off the right of the lien holder to repossess, or if you're going to... How do we do that? How do we cut off a lien holder's contractual and statutory right? I mean, how do we have the power to do that? Because you don't have the power to make that adjudication period. So you know that the city knows that they have an owner of record, and they've got to give the car back to the owner of record. They can't give it to the city. I mean, they can't give it to the foreclosing lien holder. The authorization to return to the lien holder is what is causing all these problems. Secondly, it's not true that we did not challenge the propriety of the repossession. If you look at the notice that the lien holder sent... I mean, you're telling us, you see, here's a problem that you haven't addressed. The contract with the lien holder and the debtor says if the car is used for an illegal purpose, such as drugs, then all the money becomes due on the loan. Don't they have the right to do that? I mean, the two parties signed a contract to that effect. Well, the car note does not, in fact, say that. What it does say is that if the owner exposes... Well, actually, you can't... The car note is illegible in the record, so you can't say what it says. Well, we don't know. I've read a couple thousand in my life, and I can tell you they all seem the same. And what they say is that if the car exposes the car to confiscation, then the car note can be adjudicated. I don't think that if there's no basis for the police officers to have seized it in the first place, or if she's an innocent owner, then she has done nothing to expose it to confiscation. It's not a strict liability result. She shouldn't have to face the fact that the car being repossessed. The fourth... Okay, secondly, the Fourth Amendment argument that we're making is not that the initial seizure is improper. Initial seizure, police can always seize it initially if they've got probable cause. What we're saying is that having seized it, they have to give it back if she shows an innocent... And that is the basis of the Fourth Amendment violation. So the cases that they've cited are not on point. Third, the notice that the lien holder sent transposed the address. So the lien holder sent the notice to 8317 South Auella, and the record shows that her address is 8137 South Auella. Yeah, but you're making a facial challenge. Now you're giving arguments for an entire case. Well, I'm just responding to what they're saying, okay? Any other questions that Your Honor has about the address? Okay, thank you. Thank you for a very interesting case, and we'll take this case under advisement.